MAY, WEIL & CO. v. J. A. HAM, *et al.*

1. NEW TRIAL; *Misconduct of Party; Selection of Jurors.* Where it is shown, on a motion for a new trial, that the prevailing party in the cause prior to the commencement of the trial attempted to pack the jury, the verdict should be set aside for such misconduct, unless it should also appear, clearly and beyond all reasonable doubt, that the other party was not prejudiced by such misconduct.

2. ——— And where such misconduct was discovered by the other party during the trial it is sufficient for such party to raise any question connected therewith, after verdict, on a motion for a new trial.

*Error from Atchison District Court.*

ACTION by the firm of *J. A. Ham & Co.* to recover from the firm of *May, Weil & Co.* certain alleged indebtedness.

The cause was tried at the July Term 1872 of the district court. Verdict for plaintiffs for $2,316.50. Defendants moved for a new trial, and one of the grounds assigned was alleged misconduct on the part of one of the plaintiffs. New trial refused, and judgment on the verdict, and the defendants bring the case here for review. The facts are sufficiently stated in the opinion.

*W. W. Guthrie*, and *Everest & Greenawalt*, for plaintiffs in error:

The court erred in overruling the motion for a new trial. It was shown by affidavit, beyond question, and conceded facts as contained in the "case," that Ham attempted to pack a jury; and notwithstanding the vigilance of the sheriff, he did get Cooney on the jury; and his room-mate, Gross, tried to get on the jury on the day the case was set for trial, and lurked among the bystanders while the jury was being impanneled. Can dishonest litigants actually attempt such impositions upon the courts, and until proved beyond a reasonable doubt that the attempt was a perfect success, be assured, that although a little improper, or somewhat irregular in a party, that there has been no "misconduct of the prevailing party?" The fact of the *attempt* should constitute "misconduct," and receive the severest condemnation of the courts, and without inquiry into effects. (2 Gra. & Wat. on New Trials, 366.) That the juror Bourine went out of his way to extend his sympathy to the former partner of Ham, is shown by affidavits, and not denied by Bourne, or Monroe; and this juror's interest in plaintiffs' case could not be repressed until he could render his verdict; or that the evidence of fraud and deception from Ham, Boggs, Monroe and others of plaintiffs' witnesses had thoroughly impregnated him with prejudice against defendants. Such conversations with jurors will set aside verdicts, and it is not for the juror to say that he was not influenced. 13 Mass., 219; 6 Greenl., 141; 3 Day, 223; 17 Me., 303; 29 Conn., 105; 19 Ohio St., 198; Nash Pr., 547; 1 G. & W. on New Trials, 49, 61, 64, 101, 102; Hil. on New Tr., § 9. And although the misconduct is discovered before verdict, it is not

waived.   See *McDaniels v. McDaniels*, a Vt. case, in 7 Am. Law Reg., 729, criticising 20 Conn., 241, and 13 Conn., 452.

Can this court say that the misconduct of the prevailing party and jury was not of a character that *might* have affected the impartiality of the proceedings of the jury? It is not necessary that plaintiffs in error should show by any *certainty* that it did influence them.   *Madden v. The State*, 1 Kas., 340; 2 Clifford, 108; 57 Maine, 493; 38 Georgia, 216; 45 Barb., 98; 12 Pick., 496; 5 R. I., 558; 19 N. H., 312; 1 Hill, 211.

*C. G. Foster*, *John J. Ingalls*, and *T. Metcalfe*, for defendants in error:

The court will not review the findings of the court below, if there is any evidence to sustain them. The affidavits of Ham, Bourne, Cooney, Monroe, Seip, and of all the jurors in the case, are amply sufficient to sustain the decision of the court in refusing a new trial. And further, the record does not purport to contain all the evidence. 5 Littell, (Ky.,) 218, 317; 1 Dana, 14; 8 Dana, 16.

Affidavit of a juror is admissible to sustain verdict, and to show impartiality. 1 B. Mon., 214; 4 Johns., 487; 8 Abb. Pr., 141; Hil. on New Tr., 199, § 67.

The weight of authority is, that conversations with the jurymen unless held when they are together is not ground for a new trial. Hil. on New Tr., § 11; 13 Conn., 445.

If Ham was guilty of any misconduct, plaintiffs in error and their counsel knew it before the jury was impanneled, and certainly knew it before the case was submitted to the jury, as they called it out on Ham's cross-examination. They also knew of the juror's misconduct, if he was guilty of any, before the case was submitted; and yet with full knowledge of all these facts made no objection till after the verdict was returned.

The opinion of the court was delivered by

VALENTINE, J.: The judgment in this case must be reversed and a new trial granted for misconduct of the plain-

tiffs below, (defendants in error.) Some time before the trial of the cause all the regular jurors were excused by the court except six. The court then ordered that the sheriff summon twelve additional jurors for the term. Soon after this, J. A. Ham, one of the plaintiffs below, who had long resided in the city of Atchison, and was acquainted throughout the county of Atchison, approached said sheriff and handed to him a list of persons, and solicited the sheriff to summon said persons as such jurors. The sheriff however carefully tried to avoid summoning any of them as jurors, but by oversight or inadvertence did summon at least one of them, and this person served on the jury that found the verdict in this case. It is this verdict, and the judgment founded thereon, that the plaintiffs in error (defendants below,) now seek to have set aside. About the same time another person who carried on business in the same room with Ham applied, though an attorney of the court, to the sheriff to be summoned on the jury, and when this case was called for trial and the jury was being impanneled this same person was found present in the court room, among the bystanders, but the sheriff did not summon him on the jury. Other suspicious circumstances occurred before and during the trial not necessary to be mentioned. But these circumstances, together with those heretofore mentioned, tend very strongly to show an attempt to pack the jury, and to obtain a verdict by unfair and unwarrantable means. It may be that the conduct of Ham and others was innocent; and the parties connected therewith testify that it was innocent; but it seems almost impossible to believe that all of such conduct could be innocent. The circumstances are certainly very suspicious. It may also be that the seeming misconduct of the plaintiffs did not affect the verdict of the jury; but it may be that it did, and we cannot say that we feel clear that it did not, and this is all that is necessary to require a reversal of the judgment. When a party has committed a flagitious act in order to obtain some undue advantage over his adversary, as it would seem one of the plaintiffs in this case did, such party

39—10 KAS.

should not ask that the other parties should show that they were in fact prejudiced by his acts. On the contrary, he should be compelled to show clearly and beyond all reasonable doubt, if not beyond all doubt, that such parties were not prejudiced by his unwarranted and reprehensible misconduct.

It is claimed that the misconduct of said Ham was known to the defendants during the trial, or prior thereto, and that they did not then, as it is claimed they should have done, raise any objection to the jury as impanneled, but waited until the verdict was returned before they raised any such objection. Now it is not shown that the defendants knew of such misconduct prior to the trial; and we suppose it will hardly be urged seriously that the objections should have been raised during the trial, when the misconduct was not discovered prior thereto. Are the defendants bound in such a case to charge in the face of the jury before whom they are trying their cause that the jury has been packed? Must the trial be postponed for the purpose of going into a long and tedious investigation of the question whether the jury has been packed or not? And if either party cannot go into the investigation immediately, on account of absent witnesses, or the like, must the trial be still further postponed for such investigation? Or in such a case, must the jury hear and determine the cause, knowing at the same time that such question is pending over them? We think it is sufficient for the defendants (or any innocent and injured party) to raise the question on a motion for a new trial, after verdict.

There are many other questions involved in this case, but we shall not examine them at the present time. When the case shall appear on another trial to have been fairly and honestly tried by the parties; when it shall appear that it was tried without any unwarrantable interference by the parties with the selection of the jury; when it shall appear that the case was tried without any other unfair or unjustifiable means being used to influence the jury or some individual member or members thereof, then we shall be willing to examine the other questions. The judgment of the court below is reversed. All the Justices concurring.